MEMORANDUM *
John Burton appeals the district court’s summary judgment in favor of Detective Larry Bowman, the City of Spokane and the Spokane Police Department. In his 42 U.S.C. § 1983 action, Burton alleged that Bowman and other officers violated his Fourth Amendment rights when strip searching him at a private residence and that the Spokane Police Department utilized an unconstitutional blanket policy allowing officers to conduct warrantless strip searches at the place of arrest. The parties are familiar with the facts. We do not repeat them. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
I. Fourth Amendment
The district court correctly found that the individual officers were entitled to qualified immunity with respect to their decision to strip search Burton. Police officers are, in general, “shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.” Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Here, there is no dispute that probable cause existed to arrest Burton and search the premises for crack cocaine. The resulting patdown and clothing search of Burton produced no drugs. For that reason and because Burton as well as other drug dealers in the area were known to hide drugs in body cavities, the officers had probable cause to proceed with a visu *673 al search of the external areas of Burton’s buttocks to avoid loss of the suspected evidence. See, e.g., Fuller v. M.G. Jewelry, 950 F.2d 1437, 1446, 1449 (9th Cir.1991). The search must, of course, still be conducted in a reasonable manner. Kennedy v. Los Angeles Police Dep’t, 901 F.2d 702, 712 (9th Cir.1989), overruled on other grounds by Hunter v. Bryant, 502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). Kennedy requires courts to balance the need for the particular search against the invasion of personal rights that the search entails, consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. These factors militate in favor of defendants here. Burton also contends that the brief presence of a female canine police officer during the search violated this standard. However, no clearly established law informed the officers that this would be the case. See, e.g., Grummett v. Rushen, 779 F.2d 491, 496 (9th Cir.1985) (holding that the occasional viewing of inmates by female prison guards was justified under the Fourth Amendment).
II. Alleged Blanket Strip Search Policy
Burton argues that two other incidents in which the Spokane Police Department conducted strip searches of suspects without warrants specifically authorizing such searches constitute an official policy under which the City of Spokane and its police department may be held liable for the actions of its officers. However, for this argument to have merit, the custom or usage must be so “permanent and well settled” as to have the force of law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). This was not the case here.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.